UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| TIMOTHY L. HOLLOWAY, | |
| Petitioner, | Civil Action No. 6:23-CV-134-CHB |
| V. | |
| J. GILLEY, WARDEN, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Timothy L. Holloway is a federal prisoner currently confined at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. Proceeding without counsel, Holloway has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and has paid the requisite filing fee [R. 4]. Accordingly, this matter is before the Court for an initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In his § 2241 petition, Holloway challenges his 1997 conviction for various firearm and methamphetamine offenses on the basis of his actual innocence. [R. 1]; *see also United States v. Holloway*, 2:96-cr-13-2 (M.D. Tenn. 1996). Holloway relies on *United States v. Descamps*, 133 S. Ct. 2276 (2013), and *United States v. Mathis*, 136 S. Ct. 2243 (2016), to argue his prior conviction no longer qualifies as a predicate offense. [R. 1, p. 8–11]. He also relies on *Kisor v. Wilke*, 139 S. Ct. 2400 (2017), to argue the United States Sentencing Commission exceeded the

---

[1] Upon this preliminary screening, a petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

scope of its authority when it defined a "controlled substance offense" in the United States Sentencing Guidelines Manual and commentary. *Id.* at 4, 6–8. Holloway states that while he never filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, that remedy would nonetheless be inadequate or ineffective to test the legality of his conviction because he is relying upon decisions of statutory interpretation. *Id.* at 4.

Upon review, Holloway's § 2241 petition must be dismissed for lack of subject-matter jurisdiction. While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," section 2441's applicability is severely restricted by 28 U.S.C. § 2255, which "serves as the primary means for a federal prisoner to challenge his conviction or sentence." *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). As Holloway himself seems to recognize, a federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction or enhancement of his sentence but must instead file a motion under § 2255 in the court that sentenced him. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the difference between a § 2255 motion and § 2241 petition). However, since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal prisoner may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final . . . ." *Jones v. Hendrix,* 143 S. Ct. 1857, 1863 (2023). This presents a challenge for petitioners like Holloway, who seek to rely upon decisions of statutory, rather than constitutional, significance.

Prior to the United States Supreme Court's decision in *Jones v. Hendrix*, many federal courts (including the Sixth Circuit Court of Appeals) allowed a federal prisoner to challenge his conviction or sentence in a § 2241 petition via the "saving clause" of 28 U.S.C. § 2255(e), which authorizes a habeas petition if it appears the remedy afforded by 28 U.S.C. § 2255 is "inadequate

2

or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). For example, in the Sixth Circuit, a petitioner could satisfy the saving clause by showing "that he had no prior reasonable opportunity to bring [his] argument in his earlier section 2255 proceedings . . . by identifying a Supreme Court decision that post-dates his original section 2255 proceedings, adopts a new interpretation of the statute of conviction, and supports his innocence claim." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (cleaned up). Although Holloway indicates he never filed a § 2255 petition, he maintains § 2255 would be an inadequate or ineffective remedy. Therefore, Holloway is by default attempting to rely upon the "saving clause" of § 2255(e) to bring his claims in this § 2241 proceeding.

Unfortunately for Holloway, the Supreme Court recently held in *Jones* that "the saving clause does not authorize such an end-run around the AEDPA." *Jones*, 143 S. Ct. at 1868. According to the high court, the inability of a prisoner with a statutory claim to satisfy the two limited conditions specified by § 2255(h) "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences . . . does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at 1869.

In light of *Jones*, a federal prisoner may no longer seek relief from his conviction or sentence based upon a favorable change in statutory interpretation in a § 2241 petition filed via the saving clause of § 2255(e). The saving clause is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *Taylor*, 990 F.3d at 499–500. Because *Jones* makes clear that Holloway is unable to clear this hurdle, his § 2241 petition will be dismissed for lack of subject-matter jurisdiction. *Id.*

Accordingly, it is hereby **ORDERED** as follows:

3

1. Holloway's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding Judgment will be entered this date.

This the 25th day of July, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY